|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>LARRY MCNAIR, BRANDON ROBERTSON, and<br>RAEMAN HECK,<br><br>                        Plaintiffs,<br><br>                -against-<br><br>N.Y.C.D.O.C.S. Comm. JOSEPH PONTE, WARDEN<br>KEISHA SMALLS E.M.T.C., BLACKMON WARDEN<br>OF SECURITY, CAPTAIN PURDY, C.O. ALBANESE,<br>C.O. DAVIS,<br>                        Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>6/18/2020</u><br><br><br>17 Civ. 2976 (AT) (GWG)<br><br><u>**ORDER**</u> |

ANALISA TORRES, District Judge:

      Plaintiffs, Larry McNair, Brandon Robertson, and Raeman Heck, proceeding *pro se*, bring this action under 42 U.S.C. § 1983[1] against Defendants, the New York City Department of Correction ("DOC") Commissioner Joseph Ponte, Wardens Kisa Smalls and Anastasia Henderson Blackmon, retired Captain Monifa Purdy, and Correction Officers Gregory Albanese and Keith Davis, alleging excessive force and deliberate indifference arising from Defendants' spraying of chemical agent MK-9 into their dorm on Rikers Island, where they were detained pretrial. *See* Compl., ECF No. 2; *cf.* Def. Mem. at 8, ECF No. 105. Defendants Ponte, Smalls, Blackmon, Purdy, and Albanese ("Moving Defendants") move for summary judgment on all claims brought by Heck, and move to dismiss Robertson and McNair's claims for failure to prosecute.[2] ECF No. 103; *see also* Def. Mem. at 1. The motion is unopposed. For the reasons stated below, the motion is GRANTED.

---

[1] Although the complaint does not reference § 1983 explicitly, upon review of the complaint and in light of Plaintiffs' *pro se* status, the Court construes the complaint to allege a claim under § 1983. *See Portillo v. City of New York*, No. 17 Civ. 6675, 2020 WL 2836435, at *4 (S.D.N.Y. June 1, 2020).

[2] The office of Corporation Counsel of the City of New York ("Corporation Counsel"), which represents Moving Defendants, does not represent Davis. Davis has not responded to the complaint and his deadline to file an answer, July 17, 2019, has passed. *See* ECF No. 86.

## **BACKGROUND**[3]

I. Factual Background

The facts discussed in this opinion are undisputed except where otherwise noted. The Court has drawn all reasonable inferences in favor of Plaintiffs, as the nonmovants. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

On April 7, 2017, at the Eric M. Taylor Center ("EMTC") at Rikers Island, a fight broke out between two inmates in a dormitory area. 56.1 ¶ 1, ECF No. 106. Correction Officer Albanese heard the commotion and responded to the area. *Id.* ¶ 2. He was equipped with a canister of "OC Spray," a chemical irritant akin to pepper spray. *See id.* ¶ 3; *see also Liverpool v. Davis*, No. 17 Civ. 3875, 2020 WL 917294, at *3 (S.D.N.Y. Feb. 26, 2020). When Albanese arrived, he was the only correctional officer in the dormitory area. 56.1 ¶ 6.

Albanese observed one inmate striking the other with a cane and also noticed blood and teeth on the ground near the fight. *Id.* ¶¶ 4, 7. Albanese directed the inmates to cease fighting but they did not comply. *Id.* ¶ 8. Meanwhile, Plaintiff Raeman Heck observed the fight from a distance of approximately sixty feet. *Id.* ¶ 5. After the inmates continued to fight, Albanese deployed a two-second burst of OC spray in the direction of the two inmates, which caused them to separate. *Id.* ¶ 9. One of the inmates ran into the dorm area's bath and retrieved a scrub brush, which had an approximately four-foot long wooden handle, and used it to attack the other inmate. *Id.* ¶¶ 10–12. Albanese deployed another two-second burst of OC spray, but the two inmates continued to fight. *Id.* ¶ 15. His can was now empty. *Id.* ¶ 16. A third inmate joined in the fight. *Id.* ¶ 17. Albanese was able to restrain one of the inmates with "upper body control holds." *Id.* ¶ 19.

---

[3] The following facts are drawn from the parties' pleadings and submissions, including the complaint, and Moving Defendants' Rule 56.1 statement to which Plaintiff failed to respond.

Correction Officer Keith Davis entered the dorm area, gave several orders for the inmates to stop fighting, and for other inmates to back away from the fight. *Id.* ¶ 20. Heck claims that Davis sprayed him, and other inmates in the area, with OC spray. *Id.* ¶ 21. After the fighting ceased, several inmates, including Heck, were taken to the medical clinic. *Id.* ¶ 23. Heck complained of respiratory discomfort, shortness of breath, and itchy, burning eyes and skin. He was treated for asthma exacerbation and released. *Id.* ¶¶ 24–25.

II.   Procedural History

On April 24, 2017, a number of inmates at the Anna M. Kross Correctional Facility at Rikers Island, including Plaintiffs, filed this action. *See generally* Compl. Larry McNair, Brandon Robertson, and Raeman Heck are the only remaining Plaintiffs, the others having been dismissed from this action for failure to prosecute. *See* ECF Nos. 28, 77.

On July 8, 2019, Moving Defendants moved to dismiss Robertson's claims for failure to prosecute, as Robertson had not been heard from since June 5, 2019. *See* ECF Nos. 11, 12, 87. The Court directed Moving Defendants to file their motion to dismiss in conjunction with their motion for summary judgment. ECF No. 89. On September 6, 2019, Moving Defendants mailed Robertson a letter demanding that he respond to various discovery requests which had already been served on him multiple times. 56.1 ¶ 28. The Court ordered Robertson to respond to the discovery requests on pain of dismissal. ECF No. 99. To date, Robertson has neither complied with these requests, provided authorization for the release of his medical records, nor been deposed. 56.1 ¶ 31.

On July 8, 2019, Moving Defendants moved to stay McNair's claim until such time that he advised the Court that he was competent to proceed with this action. ECF No. 87. The Court ordered McNair to file a letter by September 20, 2019, reporting on whether he was taking the

3

psychotropic medications that would enable him to be deposed and warned McNair that failure to file a letter by September 20, 2019 could lead to dismissal of his claims. ECF No. 89. To date, McNair has failed to file the requested letter or otherwise engage with this litigation. 56.1 ¶ 36.

On January 27, 2020, Moving Defendants moved for summary judgment as to Heck's claims and to dismiss Robertson and McNair's claims for failure to prosecute. ECF No. 103; *see also* Def. Mem. On February 3, 2020, the Court set a schedule for the parties to brief the motions, requiring Plaintiffs to file their opposition by February 24, 2020. ECF No. 108. By letter dated March 3, 2020, Moving Defendants requested that the Court "treat [their] motion for summary judgment as unopposed, deem [P]laintiffs' claims abandoned, and grant [D]efendants' motion for summary judgment in its entirety." ECF No. 109. In light of Plaintiffs' *pro se* status, the Court *sua sponte* extended Plaintiffs' deadline to file opposition papers to March 25, 2020. ECF No. 110. The Court warned Plaintiffs that, if they failed to respond by March 25, 2020, the Court would "proceed to consider [Moving] Defendants' motion for summary judgment as unopposed, which could lead to dismissal of Plaintiffs' claims without a trial." *Id.* Despite timely service of Moving Defendants' motion papers, and despite being warned that their claims may be dismissed if they failed to respond to Moving Defendants' motion, to date, none of the Plaintiffs have filed a response to Moving Defendants' motion.

**DISCUSSION**

I. Legal Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v.*

4

*Catrett*, 477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

"The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party."  *Connecticut Ironworkers Employers Ass'n, Inc. v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98–99 (2d Cir. 2017); *see also* Fed. R. Civ. P. 56(c)(1).  If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary-judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact.  *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105.  Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York further provide that a party moving for summary judgment under Rule 56 must submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The party opposing the motion then must respond with a counter-statement with correspondingly numbered paragraphs, and each statement made by the moving party that is not "specifically controverted" in the opposing party's counter-statement "will be deemed to be admitted for purposes of the motion."  Local Civ. R. 56.1(c).

5

Notwithstanding Rule 56(e)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, which state that unrefuted facts will be deemed "admitted," neither Rule may be read to relieve the movant of the burden of establishing entitlement to judgment as a matter of law. *Patino v. Brady Parking, Inc.*, No. 11 Civ. 3080, 2017 WL 5198192, at *7 (S.D.N.Y. Oct. 31, 2017). In other words, "summary judgment may not be granted on default." *Id.* (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Thus, where a summary judgment motion is unopposed, the court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement; it also must be satisfied that "each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

"A summary judgment motion in a *pro se* case may be granted as unopposed if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Warren v. Chem. Bank*, No. 96 Civ. 6075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999) (internal quotation marks and citation omitted).

II. Analysis

    a. Heck's Excessive Force Claim

The Court begins by addressing Moving Defendants' motion for summary judgment against Heck.

"[T]he right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *United*

*States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citations omitted).  The central concern is "whether the government action was rationally related to a legitimate governmental objective." *Edrei v. Maguire*, 892 F.3d 525, 536 (2d Cir. 2018) (citation omitted).  "While liability for reckless use of force remains an open question in this Circuit, liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *McArdle v. Ponte*, No. 17 Civ. 2806, 2018 WL 5045337, at *4 (S.D.N.Y. Oct. 17, 2018) (internal quotation marks and citation omitted).  A pretrial detainee alleging excessive force must demonstrate that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

       Heck alleges that the use of OC spray in the dorm where the fight was taking place amounts to excessive force.  Compl. at 6.  His claim fails as a matter of law, however, as against Moving Defendants.  First, Heck's excessive force claims against Moving Defendants fail for lack of personal involvement.  "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks and citation omitted).  Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although there is evidence in the record that Davis sprayed Heck with OC spray, 56.1 ¶ 21, there is no evidence that Moving Defendants used force against Heck.  Heck cannot, therefore, sustain an excessive force claim against Moving Defendants for lack of personal involvement.

       Second, even if Heck adequately alleged Albanese's personal involvement, Albanese's use of OC spray was aimed at the inmates fighting, and not at Heck, and therefore an excessive

7

force claim against Albanese would fail because "the secondhand inhalation of pepper spray by persons who were not the intended targets of the discharge does not typically give rise to a constitutional claim." *Gutierrez v. City of New York*, No. 13 Civ. 3502, 2015 WL 5559498, at *8 (S.D.N.Y. Sept. 21, 2015) (collecting cases); *see also McArdle*, 2018 WL 5045337, at *4 ("[Plaintiff's] allegations suggest that his exposure to pepper spray, while unfortunate, was at most negligent or accidental. Those allegations are insufficient as a matter of law."). Although this is not an absolute rule, the Court holds that here, it is undisputed that Heck was not the intended subject of Albanese's use of the spray and any contact the spray had with Heck was accidental. *See id.*

Summary judgment, therefore, is appropriate as to Heck's excessive force claim, because the Court is satisfied that the undisputed facts entitle Moving Defendants to judgment as a matter of law, and because Heck received adequate notice that failure to file an opposition could result in dismissal of his claims. *See Warren*, 1999 WL 1256249, at *2.

Accordingly, Moving Defendants' motion for summary judgment as to Heck's excessive force claim is GRANTED.

      b. Heck's Deliberate Indifference Claim

To state a claim for deliberate indifference to serious medical needs under § 1983, a plaintiff must satisfy a two-prong test. *White v. City of New York*, No. 16 Civ. 6183, 2017 WL 3575700, at *3 (S.D.N.Y. Aug. 17, 2017). "The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 139 (2d Cir. 2013) (internal quotation marks and citation omitted). To satisfy the first prong, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717

F.3d 119, 125 (2d Cir. 2013). The second prong is subjective and requires a court to consider the defendant's mental state. Under the second prong, "a defendant possesses the requisite *mens rea* when he acts or fails to act under circumstances in which he knew, or should have known, that a substantial risk of serious harm to the pretrial detainee would result." *Feliciano v. Anderson*, No. 15 Civ. 4106, 2017 WL 1189747, at *13 (S.D.N.Y. Mar. 30, 2017) (citing *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).

Heck's deliberate indifference claim against Moving Defendants fails as a matter of law. First, he alleges that only Purdy denied him medical care. Heck Tr. 59:20–60:14, ECF No. 104-2. As such, Heck fails to allege the personal involvement of any of the other Moving Defendants with the events giving rise to Heck's deliberate indifference claim, and summary judgment is GRANTED in their favor. *See Farrell*, 449 F.3d at 484 (holding that personal involvement is a prerequisite to an award of damages under § 1983).

Second, even if Heck has a colorable claim against Purdy, or any of the other Moving Defendants, Heck's claim is barred for failing to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . Federal law[ ] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Because failure to exhaust is an affirmative defense, defendants bear the initial burden of establishing, by pointing to legally sufficient sources such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute." *Hubbs v. Suffolk Cnty. Sheriff's*

*Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (internal quotation marks, citations, and alteration omitted). If the defendants meet this initial burden, the burden shifts to the plaintiff to "demonstrate that other factors—for example, threats from correction officers—rendered a nominally available procedure unavailable as a matter of fact." *Id.*

"DOC provides a multi-step Inmate Grievance Resolution Program ('IGRP'), and the failure to make use of the IGRP constitutes failure to exhaust under the PLRA." *Blocker v. City of New York*, No. 14 Civ. 7215, 2015 WL 4002588, at *2 (S.D.N.Y. July 1, 2015). The IGRP in effect at the time Heck's claim arose required inmates to exhaust the following four steps before filing a complaint in federal court: (1) submit a complaint for informal resolution; (2) if the inmate disagrees with the proposed resolution, the inmate has five business days to appeal and request a formal hearing; (3) if the inmate disagrees with the Inmate Grievance Resolution Committee's disposition, the inmate has five business days to appeal to the facility's commanding officer; and (4) if the inmate disagrees with the commanding officer's disposition, the inmate has five business days to appeal to the Central Office Review Committee ("CORC"), which would render a disposition within fifteen business days of receiving the appeal.[4]

There is no evidence in the record that Heck exhausted his administrative remedies before bringing his deliberate indifference claim. Nor is there any evidence that administrative remedies for such a claim were not available to him. Because there are no disputed facts, Heck has failed to exhaust his administrative remedies as required by the PLRA, and Heck received adequate notice that failure to oppose the summary judgment motion could result in dismissal,

---

[4] The Court takes judicial notice of the IGRP, as courts in this district have regularly done. *See Myers v. City of New York*, 11 Civ. 8525, 2012 WL 3776707, at *4 n. 6 (S.D.N.Y. Aug. 29, 2012) (collecting cases). The IGRP can be found on the DOC's website. *See* N.Y. City Dep't of Correction, Directive 3376 (effective Sept. 10, 2012), available at http://www nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

the Court holds that Moving Defendants are entitled to judgment as a matter of law as to this cause of action.  *See Warren*, 1999 WL 1256249, at \*2.

Accordingly, Moving Defendants' motion for summary judgment as to Heck's deliberate indifference claim is GRANTED.

### c. Failure to Prosecute

Moving Defendants argue that Robertson and McNair's claims should be dismissed for failure to prosecute.  Def. Mem. at 19.  The Court agrees.  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Courts in the Second Circuit "consider five factors in light of the record as a whole when reviewing a Rule 41(b) dismissal for failure to comply:  (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lamont v. Edwards*, 690 F. App'x 61, 62 (2d Cir. 2017) (internal quotation marks and citation omitted).  No single factor is dispositive.  *Id.*

First, other than filing a letter requesting a copy of the docket on October 7, 2019, Robertson has not been heard from since June 5, 2017—a period of over three years.  *See* 56.1 ¶ 26.  Additionally, McNair has not been heard from since Moving Defendants attempted to take his deposition on July 2, 2019—a period of nearly a year.  *See id.* ¶ 32.  Both Robertson and McNair are in violation of Court orders to participate in this action on pain of dismissal.  *See id.* ¶¶ 30–37.  Neither Robertson nor McNair has responded to discovery requests or provided

11

appropriate authorizations for the release of their medical records, and thus have not been deposed. *See id.* ¶¶ 31, 37. As Robertson and McNair have demonstrated no interest in prosecuting this action for an extended period of time, the first factor weights in favor of dismissal.

Second, both Robertson and McNair have ignored warnings that their failure to prosecute this action would lead to dismissal. *See id.* ¶¶ 30–37. Third, Defendants may be "presumed to have suffered prejudice due to Plaintiff[s'] unreasonable delay." *Tucker v. City of New York*, No. 14 Civ. 7054, 2016 WL 707018, at *2 (E.D.N.Y. Jan. 27, 2016), *report and recommendation adopted sub nom. Tucker v. City of New York*, No. 14 Civ. 7054, 2016 WL 737906 (E.D.N.Y. Feb. 22, 2016); *see also Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (noting that prejudice may be presumed "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult"). Robertson has not participated in this litigation in any meaningful way and McNair has not provided responses to discovery requests or made himself available for deposition, hampering Moving Defendants' ability to prepare their defense.

Fourth, the Court, as well as Defendants, have expended time and effort managing this case without any indication that Robertson or McNair intend to do the same. The obligation to move a case to trial is on Plaintiffs, thus, "dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Finally, Robertson and McNair's "repeated noncompliance with this Court's orders and evident abandonment of [their] claims suggest that a sanction less than dismissal would be ineffective." *Tucker*, 2016 WL 707018, at *2; *see Samman v. Conyers*, 231

F.R.D. 163, 166 (S.D.N.Y. 2005).  After considering all five factors, the Court finds that each factor weighs in favor of dismissal.

Accordingly, Moving Defendants' motion to dismiss McNair and Robertson's claims for failure to prosecute is GRANTED.  Moreover, pursuant to the Court's authority to dismiss a claim for failure to prosecute *sua sponte* under Rule 41(b), *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), the Court dismisses McNair and Robertson's claims as against Davis, for the same reasons the Court dismisses their claims as against Moving Defendants.

## CONCLUSION

For the reasons stated, Moving Defendants' motion for summary judgment as to Heck, and their motion to dismiss for failure to prosecute as to McNair and Robertson, ECF No. 103, are GRANTED.

It is ORDERED that by **August 1, 2020**, the remaining parties, Heck and Davis, shall file a joint status letter to the Court.  If by August 1, 2020, Davis has failed to appear or answer the complaint, Heck may submit a letter to the Court indicating his intention to move for default judgment against Davis.  Failure to submit a letter by **August 1, 2020**, could result in dismissal for failure to prosecute.

The Clerk of Court is directed to terminate the motion at ECF No. 103 and to terminate Defendants Ponte, Smalls, Blackmon, Purdy, and Albanese.

Chambers will mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: June 18, 2020
     New York, New York

_____
ANALISA TORRES
United States District Judge